## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES L. CULVER,** | : | **No. 3:04cv2197** |
| **D/B/A, THE EIFS GUY,** | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES** | : | |
| **DEPARTMENT OF LABOR** | : | |
| **OCCUPATIONAL SAFETY** | : | |
| **AND HEALTH ADMINISTRATION;** | : | |
| **RUSSELL WHITE, an** | : | |
| **individual; ANDREW J. HEDESH,** | : | |
| **an individual and DOES 1** | : | |
| **through 10, inclusive,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### **MEMORANDUM**

Before the court for disposition is the defendants' motion to dismiss the plaintiff's *pro se* complaint, which alleges constitutional and tort claims against the United States Department of Labor. The matter has been fully briefed and is ripe for disposition. For the reasons that follow, the case will be dismissed.

**Background**

Plaintiff James L. Culver, d/b/a EIFS Guy, was working as a construction subcontractor on a commercial building in Kingston Pennsylvania on July 8, 2003. The building was privately owned and operated by Jack Williams Tire Company. Defendant Russell White, Compliance Safety and Health Officer (hereinafter "White") of the Occupational Safety and Health Administration, of the United States

Department of Labor (hereinafter "OSHA") inspected the jobsite on that date.[1] White took video and photographic images of the site. He subsequently issued citations to plaintiff for scaffolding violations.

An "informal hearing" was held regarding the citations on September 3, 2003. At the hearing, plaintiff entered into an "Informal Settlement Agreement" with OSHA through its representative Defendant Andrew J. Hedesh. The Agreement reduced the penalties that the plaintiff was subject to from $2700 to $180. White did not appear at the hearing.

Plaintiff filed a seven-count complaint based upon these facts. The causes of action in the complaint include: 1) Unreasonable Search under the constitutions of the United States and Pennsylvania - Plaintiff asserts that the inspection on July 8, 2003 was an unreasonable, warrantless search of private property without the owner's consent; 2) Abuse of Process - Plaintiff claims that the reason for the inspection was for the inspector to gain favor with his "union brothers" by causing oppression and hardship to non-union contractions such as himself; 3) Falsification of Government Records - Plaintiff avers that seven citations were issued that were in some way false, misleading and unsubstantiated; 4) Deprivation of Property Without Due Process of Law - Plaintiff claims that defendants' actions caused him to dissolve his business; 5) Discrimination - Plaintiff asserts that defendants discriminated against him because of his non-union status; 6) Invasion of Privacy/False Light - Plaintiff asserts that defendants created false, misleading and unsubstantiated citations and published the information on the internet; and 7) Intentional Infliction of

---

[1] "The Occupational Safety and Health Act of 1970 (Act) delegates broad authority to the Secretary of Labor (Secretary) to promulgate standards to ensure safe and healthful working conditions for the Nation's workers (the Occupational Safety and Health Administration (OSHA) being the agency responsible for carrying out this authority)." Industrial Union Dept., AFL-CIO v. American Petroleum, 448 U.S. 607, 612 (1980).

Emotional Distress - Plaintiff alleges that defendants' action of falsifying documents alleging him to be incompetent and unqualified in his profession and then publishing them on the internet was outrageous conduct that caused him to suffer severe physical and emotional distress, pain, anguish, humiliation, embarrassment and emotional trauma. Plaintiff seeks, *inter alia,* compensatory and punitive damages.

Defendant has moved to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(1),(2),(4),(5) and (6), for failure to exhaust administrative remedies, failure to properly serve, insufficient process, insufficiency of service and failure to state a claim upon which relief can be granted, respectively, bringing the case to its present posture. We find defendants' arguments with respect to Rule 12(b)(1) to be dispositive, and we shall focus our discussion on that rule.

**Jurisdiction**

Generally, we have jurisdiction over cases in which the United States is a party. 28 U.S.C. § 1346. The remainder of this memorandum discusses whether we have jurisdiction in this particular case.

**Standard of review**

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 12(b)(1) allows a party to raise the issue of "lack of subject matter jurisdiction" by way of motion.

In deciding a 12(b)(1) motion, the court may consider the motion as either a factual or facial attack of the complaint. Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). If treated as a facial attack, we consider only the allegations of the complaint and documents referenced therein and attached thereto. Id. Moreover, we consider the facts in the light most favorable to the plaintiff. Id. Where a

3

factual attack is presented, we may consider evidence outside of the pleadings. Id. In the instant case, the facts are not in dispute, therefore, we treat the motion as a facial attack of the complaint.

**Discussion**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). In other words, the United States cannot be sued without its consent, and if no consent is provided, we have no jurisdiction. Id.

Accordingly, we must determine whether immunity has been waived in the instant case. For the purposes of our analysis, we will break the plaintiff's claims down into two categories, tort claims and constitutional claims. We will discuss these categories separately.

**I. Torts**

Plaintiff's tort claims are controlled by the Federal Tort Claims Act (hereinafter "FTCA"), which waives the sovereign immunity of the United States for certain torts committed by federal employees in the scope of their employment. The FTCA provides that the United States shall be liable for certain torts in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

To properly assert a claim under the FTCA in federal court, a plaintiff must first provide the responsible agency with an opportunity to consider the claim, that is, the plaintiff must exhaust his administrative remedies before bringing suit. 28 U.S.C. § 2675(a).

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to

>make final disposition of a claim within six months after it is filed shall, at the
>option of the claimant any time thereafter, be deemed a final denial of the
>claim for purposes of this section. The provisions of this subsection shall not
>apply to such claims as may be asserted under the Federal Rules of Civil
>Procedure by third party complaint, cross-claim, or counterclaim.

Id.

In other words, the plaintiff must present his claim to the agency and be denied as a prerequisite to suit. This requirement is jurisdictional and cannot be waived. Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971).

The Third Circuit Court of Appeals has explained the rationale behind requiring exhaustion as follows:

>[The exhaustion of administrative remedies] serves judicial economy by
>preventing piecemeal judicial review of agency actions and facilitates
>judicial review by allowing the administrative tribunal to use its expertise to
>develop a complete factual record. Further, the doctrine serves to prevent
>the courts from frustrating congressional decisions to have certain disputes
>resolved originally in administrative forums.

Facchiano v. United States Dept. of Labor, 859 F.2d 1163, 1166-67 (3d Cir. 1988) (internal citation omitted).

In the instant case, the plaintiff claims he exhausted his administrative remedies as follows: "On or about May 10, 2004, in an attempt to expunge his record of false and misleading information, Plaintiff sent a letter via certified mail to Elaine Cho, Secretary of Labor & Industry, in Washington D.C. wherein Plaintiff states to the best of his ability the various injustices he suffered at the hands of OSHA officials. Plaintiff never received a response from any person at the Secretary of Labor & Industry Office." Compl. p. 1.

We find that sending a letter to the Secretary of Labor and Industry was not an appropriate

presentation of the plaintiff's claims to the agency.   The law provides that for purposes of section 2675 of the FTCA, "a claim shall be deemed to have been presented when a federal agency receives from a claimant. . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. 14.2 <u>see also</u> 29 U.S.C.§ 15.4 (providing the same specifically for the Department of Labor).

 As plaintiff has not "presented" his claim to the Department of Labor as provided by the law, we do not have jurisdiction to hear his claims.  It appears, however, that the plaintiff has two years from the accrual of the action within which to file his claim with the Department of Labor. 28 U.S.C. § 2401(b); 29 C.F.R. § 15.21(d).  The inspection in the instant case occurred on July 8, 2003.  Accordingly, the tort claims will be dismissed without prejudice to plaintiff's ability to file another lawsuit if he properly exhausts his administrative remedies in a timely fashion.

## II.  Constitutional claims

As set forth above, plaintiff has also asserted federal and state law constitutional claims.  The claims under the Pennsylvania Constitution will be dismissed as no private cause of action exists for asserting claims under the Pennsylvania Constitution.  <u>Sabatini v. Reinstein</u>, No. CIV. A. 99-2393, 1999 WL 636667 * 3(E.D. Pa. Aug. 20, 1999) (noting that although the Pennsylvania courts have yet to decide the issue, the federal courts have found no private cause of action under the Pennsylvania Constitution).  We, therefore, turn our attention to plaintiff's federal constitution claims.

Plaintiff's complaint contains the following three counts based upon federal constitutional violations:

a Fourth Amendment unreasonable search claim; a Fifth Amendment due process claim[2]; and a Fourteenth Amendment equal protection claim.

As with the plaintiff's tort claims, we first must determine if the United States has waived its sovereign immunity with regard to federal constitutional claims. The FTCA discussed in the previous section does not effect a waiver of sovereign immunity with respect to constitutional claims. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477-78 (1994). The administrative process addressed previously deals solely with tort claims, therefore, the failure to exhaust under the FTCA does not affect the plaintiff's constitutional claims.

The United States Supreme Court, however, has held that constitutional claims may be asserted directly against the federal actors. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). As with the tort claims, however, before bringing constitutional claims, the plaintiff must exhaust his administrative remedies. Babcock and Wilcox Co. v. Marshall, 610 F.2d 1128 (3d Cir. 1979). In Babcock, the Third Circuit Court of Appeals held that before a Fourth Amendment challenge to an OSHA inspection could be raised, administrative remedies must be exhausted. Id. at 1137. The court explained as follows: "Constitutionally, exhaustion is grounded in a concept of judicial self-restraint, admonishing courts that constitutional issues should not be decided, and legislation should not be invalidated, if a controversy may be resolved on some other ground." Id. at 1137 (footnote omitted).

The administrative remedies are as follows: Once a citation is issued, the employer is provided

---

[2] Plaintiff asserts his due process claim under the Fourteenth Amendment, but as the defendants are federal actors, the due process claim can only be alleged under the Fifth Amendment. We shall, therefore, refer to it as a Fifth Amendment Due Process claim.

fifteen days to challenge it. 29 U.S.C. § 659. If a challenge is filed, the Occupation Safety and Health Review Commission (hereinafter "Commission") affords an opportunity for a hearing, and issues an order with regard to the objection. 29 U.S.C. § 659(c). A person adversely affected or aggrieved by such an order of the Commission may, within sixty days, seek review in the United States court of appeals for the circuit in which the violation is alleged to have occurred. 29 U.S.C. § 660(a).

In the instant case, it appears that the plaintiff may have filed an objection to the citation and appeared for a hearing. At the time of the hearing, however, he entered into a settlement agreement. Therefore, the Review Commission never issued an order, and no appeal could have been taken to the Third Circuit Court of Appeals. Eight months after the entry into the settlement agreement, the plaintiff wrote to the Secretary of Labor to complain. This action, however, was not a proper use of the administrative procedure. Accordingly, the plaintiff has failed to exhaust his administrative remedies with regard to the constitutional claims, and the time for such exhaustion has passed. The constitutional claims shall therefore be dismissed.

**Conclusion**

The defendants' motion to dismiss will be granted. With regard to the tort claims, the plaintiff has failed to exhaust his administrative remedies under the Federal Tort Claims Act. As it appears that he may still have time in which to properly present his claim for administrative review, the tort claims will be denied without prejudice to the plaintiff filing a suit at a later date if he does not obtain relief on the tort claims through the administrative process.

Plaintiff's state constitutional claims are dismissed as no private cause of action exists under the Pennsylvania constitution. His federal constitutional claims are dismissed because he has failed to exhaust his administrative remedies under 29 U.S.C. § 658 et seq. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES L. CULVER,** | : | No. 3:04cv2197 |
| **D/B/A, THE EIFS GUY,** | : | |
| **Plaintiff** | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES** | : | |
| **DEPARTMENT OF LABOR** | : | |
| **OCCUPATIONAL SAFETY** | : | |
| **AND HEALTH ADMINISTRATION;** | : | |
| **RUSSELL WHITE, an** | : | |
| **individual; ANDREW J. HEDESH,** | : | |
| **an individual and DOES 1** | : | |
| **through 10, inclusive,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 20th day of June 2005, the defendants' motion to dismiss (Doc. 6) is hereby **GRANTED**. Plaintiff's claims are dismissed with prejudice expect for the tort claims, which are dismissed without prejudice to the plaintiff filing a subsequent law suit if he properly exhausts his administrative remedies.

                                          **BY THE COURT:**

                                          **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**